| | |
|---|---|
| EL PASO COUNTY DISTRICT COURT, COLORADO<br>Address of Court: 270 S. Tejon St.<br>　　　　　　　　P.O. Box 2980<br>　　　　　　　　Colorado Springs, CO  80901<br>　　　　　　　　Phone: 719-448-7700 | DATE FILED: April 8, 2014 9:13 AM<br>FILING ID: 95EB017C73AD6<br>CASE NUMBER: 2014CV31099 |
| **Plaintiffs:**   DANIEL KNOEPFLE and GAIL KNOEPFLE<br><br><br>**Defendant:**<br><br>**THE TRAVELERS HOME AND MARINE INSURANCE Co., a foreign corporation** | ▲COURT USE ONLY▲ |
| **Attorneys for Plaintiff:**<br><br>Richard M. Kaudy, #12345<br>Cajardo Lindsey, #33672, Of counsel<br>THE KAUDY LAW FIRM LLC<br>333 W. Hampden Avenue, Suite 850<br>Englewood, CO  80110<br>Phone (303) 623-1885<br>Fax: (303) 623-1825<br>Email: rkaudy@kaudylaw.com<br>　　　　　clindsey@kaudylaw.com | Case No.:   2014 cv<br><br>Ctrm/Div: |

### COMPLAINT AND JURY DEMAND AGAINST THE TRAVELERS HOME AND MARINE  INSURANCE COMPANY

　　　Daniel Knoepfle and Gail Knoepfle (Plaintiffs) for their Complaint and Jury Demand against Defendant, The Travelers Home and Marine Insurance Company ("Travelers") state and allege as follows:

### COMPLAINT AGAINST THE TRAVELERS HOME AND MARINE INSURANCE COMPANY

#### I.　　　PARTIES

　　　1.　　　The Plaintiffs Daniel Knoepfle and Gail Knoepfle are husband and wife who reside at 5518 Vantage Vista Drive, Colorado Springs, Co 80919.

2. Defendant, The Travelers Home and Marine Insurance Company, is a Connecticut corporation, licensed and authorized to transact business within the State of Colorado. Travelers conducts substantial business in Colorado, including El Paso County.

## II.     JURISDICTION AND VENUE

3. Venue is proper in El Paso County, Colorado because the parties' contract for Travelers insurance was executed there and the property which suffered smoke and heat damage is located in El Paso County. Both parties either live or conduct business in El Paso County. Venue is proper in this Court pursuant to C.R.C.P. 98(c).

4. This Court has jurisdiction pursuant to the Colorado Constitution, Art. VI, § 9.

## III.    FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

5. This is an action for damages for breach of contract, statutory claims pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116, and bad faith breach of insurance contract, arising from Travelers' failure to properly investigate Plaintiffs' claim, and Travelers' unreasonable delay and denial of a timely and proper claim for coverage benefits by Plaintiffs.

6. Defendant is a for-profit corporation.

7. Defendant through sales agents sells insurance policies, products and services in El Paso County, Colorado.

8. Travelers sold insurance protection to Plaintiffs through a personal contract characterized as Homeowners Insurance Policy, Policy No. 989694260 633 1 (the "Policy") in full force and effect on or about June 23, 2012, for a home situated within El Paso County, Colorado.

9. The Travelers policy Defendant sold to Plaintiffs is characterized as a "replacement cost value" policy. This policy promised to indemnify the insureds for covered losses in the amounts of $430,000 for dwelling, $43,000 for other structures, $301,000 for personal property, $500 for food spoilage, $21,500 for trees and $129,000 for loss of use.

10. On or about June 23, 2012, the Waldo Canyon wildfire ignited. The wildfire prompted the evacuation of the Knoepfles from their insured residence at 5518 Vantage Vista Drive, Colorado Springs, Co 80919. The fire inflicted damage to the roof, exterior and interior walls, ceilings, floors, windows, general living area of the residence, contents and landscape.

11. In accordance with the Policy procedures, Plaintiffs submitted a claim to Travelers for damage to property and contents asking for policy benefits for structural, contents and landscape losses.

12. Plaintiffs reasonably relied on Defendant to conduct a reasonable investigation and evaluation of the covered losses.

13. Defendant neglected to perform a reasonable investigation and evaluation of the Knoepfle losses and denied certain elements of their claims.

14. On or about July 24, 2012 Travelers represented that it had completed its investigation of Plaintiffs' claims and evaluated the loss with a total replacement cost value of $7,238.52, its estimation of the cost of cleaning the residence, food spoilage and additional living expenses.

15. On or about October 05, 2012 Travelers provided Plaintiffs with another estimate evaluating the loss with a total replacement cost value of $39,614.46.

16. Plaintiffs hired an environmental consulting firm to inspect their home on November 14, 2012 and submitted a report to Travelers. Testing was done on **twelve soot samples collected from virtually all levels of the home** and the presence of Titanium was found and "Ash/Char was identified in high percentage". (emphasis added).

17. On or about November 29, 2012 Plaintiffs submitted to Travelers an engineering report with recommendations and photos outlining the damage the wildfire caused to the decks, siding/stucco, soffit, facia, gutters, windows, doors and landscaping.

18. On January 11, 2013, Plaintiffs submitted its Proof of Loss with estimates of covered damages including dwelling, contents and landscaping to Travelers in the amount of $331,019.76 which was comprised of, among other things, cleaning, painting, plumbing, roof work, windows, insulation, carpet, flooring, appliances and electrical items.

19. On or about January 15, 2013 Travelers issued a report created by its hired environmental consulting firm. The report essentially disagreed with many aspects of Plaintiffs' engineering report, stating based upon its visual observations, no detected smoke-related odor and its testing of **three soot samples** taken from the house, that "A general 'spring cleaning' of all horizontal surfaces within the home" was recommended. (emphasis added).

20. On February 8, 2013 Travelers sent Plaintiffs a letter denying Plaintiffs' Proof of Loss based upon Travelers' prior inspections and findings.

21. On March 25, 2013 Travelers provided Plaintiffs with a third estimate evaluating the loss with a total replacement cost value of $67.059.86.

22. On April 12, 2013 Travelers again sent Plaintiffs a letter denying Plaintiffs' Proof of Loss stating Travelers March 25, 2013 estimate represented the full scope of damages and the reasonable repairs and invited Plaintiffs to pursue appraisal if Plaintiffs disagreed.

23. It is unknown if the amount in controversy exceeds $75,000 exclusive of interest and costs.

24. The Plaintiffs have no present information or belief whether the amount in controversy exceeds $75,000 exclusive of interest and costs.

25. Defendant denied the Knoepfle claim by, among other things, disregarding Plaintiffs engineering reports and property damage estimates.

26. On April 18, 2013 Plaintiffs requested appraisal to determine the amount of covered losses caused by the Waldo Canyon fire pursuant to policy terms and conditions.

27. The Policy between Travelers and Mr. and Mrs. Knoepfle provides for appraisal if there is a disagreement concerning the amount of loss due to fire damage.

28. Travelers sent a letter to Plaintiffs on May 28, 2013 refusing to participate in the appraisal process in that Travelers only agreed to submit to appraisal on "those items/surfaces specifically identified in [Travelers] estimates." Travelers went on to say, "Travelers rejects your demand for appraisal with respect to any other items/surfaces" and thus, refused to honor its contractual promise.

29. Travelers allowed the Knoepfle claim to languish, therefore Plaintiffs mitigated the damages by weatherizing their home for the upcoming winter, using personal money to replace windows, and repair and repaint exterior stucco. Plaintiffs also replaced carpet due to ash being underneath, and replaced failing appliances and electronics.

30. Then on October 24, 2013 Travelers decided to re-inspect the Knoepfle's residence, revising its estimate to include $3,095.79 for replacement of damaged deck boards.

31. During a re-inspection prompted by Plaintiffs, Travelers discovered Plaintiffs had made repairs and replacements. Travelers then attempted to use those same repairs and replacements against Plaintiffs by asserting "Since much of the **dispute to be appraised involved scope of damage** and method/necessity of repair, we believe the appraisal process has been irreversibly compromised." (emphasis added).

32. In other words, Travelers initially denied appraisal except it be done exclusively on items within Travelers' estimates. Then when Travelers found out Plaintiffs had repaired and replaced items that Travelers had previously refused to go to appraisal on, Travelers conveniently asserted that the items at issue for appraisal had been "irreversibly compromised," even though Travelers never intended to go to appraisal on items outside of its own estimates in the first place.

33. The refusal by Travelers to honor terms and conditions it placed in its contract is unreasonable, constitutes a breach of the insurance contract, constitutes a violation of insurance industry standards and practices, constitutes a violation of Colorado law, C.R.S. §§10-3-1115 and 10-

3-1116, violated the implied covenant of good faith and fair dealing, and has caused the Knoepfles additional emotional distress as well as economic losses in amounts to be determined at trial.

34. The behavior of Travelers' conduct described above was intentional, willful, wanton and done heedlessly and recklessly without regard to the consequences to its insureds.

35. Travelers knew or should have known that its actions described above were unreasonable. Travelers acted unreasonably and with knowledge of or reckless disregard of its unreasonableness, and caused damages which resulted from its bad faith.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

36. Plaintiffs incorporate the allegations contained in the paragraphs above as if fully set forth herein.

37. As set forth above, Plaintiffs and Travelers entered into a valid, binding and enforceable contract for insurance which covered the losses alleged herein.

38. Plaintiffs fully complied with all the provisions of the contract, including without limitation paying premiums in a timely fashion and complying with all provisions governing claims and loss.

39. Travelers' denial of Plaintiffs' claim constitutes a breach of the insurance contract and is a breach of Plaintiffs' reasonable expectations concerning the coverage it would receive under the Policy.

40. Travelers' refusal to properly adjust the loss constitutes a breach of the insurance contract and is a breach of Plaintiffs' reasonable expectations concerning the coverage it would receive under the Policy.

41. Travelers was obligated to go to appraisal.

42. As a result of Travelers' breaches, Plaintiffs have suffered and continue to suffer damages, including the amount of claims owed, together with pre-judgment interest at the highest rate allowed by law, and their reasonable attorney's fees as allowed by law.

## SECOND CLAIM FOR RELIEF
### (Unreasonable Delay and Denial of Payment of Covered Benefits Pursuant to C.R.S §§ 10-3-1115 and 10-3-1116)

44. Plaintiffs incorporate the allegations contained in the paragraphs above as if fully set forth herein.

45. Plaintiffs suffered a loss covered by the Policy, and submitted a claim for that loss to Travelers.

46. The claimed loss and damage submitted by Plaintiffs is covered by the Policy and Plaintiffs are owed covered benefits under the Policy.

47. Travelers delayed and denied payment of covered benefits without a reasonable basis for its action.

48. Plaintiffs are therefore entitled to two times the covered benefit, attorneys' fees, and costs pursuant to C.R.S. § 10-3-1116, together with pre-judgment interest at the highest rate allowed by law.

### THIRD CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

49. Plaintiffs incorporate the allegations contained in the paragraphs above as if fully set forth herein.

50. Travelers insurer owes its insureds the obligation to act in good faith and fair dealing.

51. Travelers owes its insureds the obligation to construe the insurance contract fairly and without ambiguity in order to effectuate the purposes for which the coverage was purchased.

52. Travelers owes the insureds the obligation to give equal consideration to the financial interests of the insureds and not give greater consideration to its own financial interests while handling the insureds' claim.

53. Travelers sold the insured the coverage in issue intending to provide benefits for covered losses such as heat and smoke that occurred within the policy period.

54. Plaintiffs have cooperated with Travelers in the processing of the insureds' claim for covered benefits.

55. Plaintiffs have not failed to minimize or mitigate their damages.

56. Plaintiffs have not erected any obstacles to Travelers' ability to investigate and evaluate Plaintiffs' claim for covered benefits.

57. Plaintiffs were intended beneficiaries of the insurance contract protections purchased from Travelers.

58. Travelers knew that its decision to deny the insureds' claim here would cause emotional distress and harm to Plaintiffs.

59. Travelers knew it owed an obligation of good faith and fair dealing to the insureds.

60. Travelers knew its denial of coverage would cause hardship to the insureds.

61. Travelers had a duty to act reasonably and in good faith in handling Plaintiffs' claim and in the payment of Plaintiffs' insurance claim, including the obligation to act with ordinary, reasonable diligence in investigating the claims submitted by Plaintiffs and in determining the amounts due and owing under the Policy in question, and to pay all amounts due and owing.

62. Travelers breached its duty to act reasonably and in good faith by, inter alia, (1) failing to conduct a reasonable investigation of the facts applicable to this matter; (2) failing to consider all information relevant to the claim; (3) favoring its interests to the exclusion of Plaintiffs; (4) failing to effectuate prompt, fair and equitable resolution of Plaintiffs' claims after liability had become clear; (5) compelling Plaintiffs to become involved in litigation to recover amounts due; and (6) otherwise unreasonably and improperly handling Plaintiffs' claim as provided for by C.R.S. § 10-3-1104.

63. Travelers overlooked material facts and a more thorough investigation would have produced relevant information.

64. Travelers should have known that its conduct was unreasonable and Travelers knowingly or recklessly disregarded the fact that its conduct was unreasonable.

65. Travelers' conduct constitutes a breach of the covenant of good faith and fair dealing implied in every contract of insurance.

66. Travelers' bad faith has caused Plaintiffs to suffer and continue to suffer damages, including out-of-pocket payments by Plaintiffs, attorneys' fees and costs incurred in bringing this lawsuit, together with pre-judgment interest at the highest rate allowed by law.

WHEREFORE, Plaintiffs ask that this Court enter judgment in their favor and against Travelers on their Claim for Relief as follows:

1. All unpaid covered benefits due under the Policy;

2. Two times the amount of all covered benefits under the Policy;

3. Costs, expert witness fees, and attorneys' fees incurred in prosecuting their claims against Travelers;

4. Other damages resulting from Travelers' bad faith including out-of-pocket payments by Plaintiffs;

5. Pre- and post-judgment interest; and

6.    For such other further relief as this Court may deem just.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES**

Respectfully submitted this 8th day of April, 2014.

                    s/ Cajardo R. Lindsey
                    Cajardo R. Lindsey, Reg. No. 33672
                    Of Counsel, The Kaudy Law Firm
                    333 W. Hampden Avenue, Suite 850
                    Englewood, CO 80110
                    Phone Number: 303-623-1885
                    Email: clindsey@kaudylaw.com
                    -and-
                    Richard M. Kaudy, #12345
                    The Kaudy Law Firm LLC
                    333 W. Hampden Avenue, Suite 850
                    Englewood, CO  80110
                    Phone (303) 623-1885
                    Fax: (303) 623-1825
                    Email: rkaudy@kaudylaw.com

                    *ATTORNEY FOR PLAINTIFFS*