**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:14-cv-01291-MEH

DANIEL KNOEPFLE and GAIL KNOEPFLE
Plaintiffs,

v.

THE TRAVELERS HOME AND MARINE INSURANCE CO.
Defendant.

---

**ANSWER AND AFFIRMATIVE DEFENSES**

---

NOW COMES Defendant, TRAVELERS HOME AND MARINE INSURANCE CO.

("Travelers"), by and through its attorneys, and for its Answer and Affirmative Defenses, states

as follows:

### I.      PARTIES

1.      Travelers admits the allegations stated in Paragraph 1.

2.      Travelers admits the allegations stated in Paragraph 2.

### II.      JURISDICTION AND VENUE

3.      Travelers admits that venue is proper in El Paso County, Colorado, that Plaintiffs

live in El Paso County, Colorado, that the property alleged to have suffered smoke and heat

damage is located in El Paso County, Colorado, and that Travelers conducts business in El Paso

County, Colorado.  Travelers denies the remaining allegations stated in Paragraph 3.

4.      Travelers admits that the El Paso County District Court has jurisdiction over this

case.  Answering further, Travelers has removed the case to the United States District Court for

the District of Colorado, which also has jurisdiction over this case.

### III.   FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

5.      Travelers admits that Plaintiffs' Complaint purports to state causes of action for breach of contract, statutory claims pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116, and bad faith breach of insurance contract.  Travelers denies any liability under the causes of action asserted, denies that it breached the insurance policy at issue, denies that it violated C.R.S. §§ 10-3-1115 and 10-3-1116, denies that it acted in bad faith, denies that it unreasonably delayed or improperly denied Plaintiffs' claim, and denies that it failed to properly investigate Plaintiffs' claim.

6.      Travelers admits the allegations stated in Paragraph 6.

7.      Travelers admits the allegations stated in Paragraph 7.

8.      Travelers admits that it provided Homeowners Insurance Policy No. 989694260 633 1 ("Policy") to Plaintiffs, which was in effect on June 23, 2012, subject to all terms and conditions set forth in the Policy.

9.      Travelers admits that the Policy contains a replacement cost value provision, which provides that certain losses will be valued at replacement cost, subject to all terms, conditions, and exclusions set forth in the Policy.  Travelers admits that the Policy contained coverage limits in the amounts of $430,000 for dwelling, $43,000 for other structures, $301,000 for personal property, $500 for food spoilage, $21,500 for trees and $129,000 for loss of use, subject to all terms, conditions, and exclusions set forth in the Policy.

10.     Travelers admits that the Waldo Canyon wildfire ignited on or around June 23, 2012 and caused limited damage to the Plaintiffs' residence.  Travelers lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations of Paragraph 10.

11.     Travelers admits that Plaintiff initially submitted its claim in accordance with Policy procedures.  Travelers admits that Plaintiffs sought coverage for alleged landscape losses, alleged damage to contents, alleged damage to roofs, alleged damage to walls, alleged damage to windows, and alleged damage to other surfaces in the home.  Travelers denies liability for any losses beyond those which it has already paid.

12.     Travelers lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations of Paragraph 12.

13.     Travelers admits that it denied certain elements of Plaintiffs' claim.  Travelers denies the remaining allegations stated in Paragraph 13.

14.     Travelers admits that its adjuster spoke with Daniel Knoepfle on or about July 24, 2012, explained the basis of Travelers' estimate and payment, and closed its claims file. Travelers denies the remaining allegations set forth in Paragraph 14.

15.     Travelers admits that, after its July 24, 2012 payment, Plaintiffs reported additional damage to their residence purportedly caused by the Waldo Canyon Fire.  Travelers admits that its adjuster spoke with Daniel Knoepfle on or around October 5, 2012 regarding Travelers' $39,614.46 estimate and payment.

16.     Travelers admits that Plaintiffs submitted a report from an environmental consulting firm.  Travelers admits that the report identified "compounds of concern" that were "below health-based guidelines."  Travelers lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations of Paragraph 16.

17.     Travelers admits that on or about November 29, 2012 Plaintiffs submitted a report containing recommendations and photographs of the Plaintiffs' alleged damages.  Travelers denies the remaining allegations stated in Paragraph 17.

18.     Travelers admits that on January 11, 2013 Plaintiffs submitted a proof of loss totaling $331,019.76.  Travelers lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations of Paragraph 18.

19.     Travelers admits that it hired an environmental consulting firm, Gandalf Associates, Inc., which issued a report on or about January 15, 2013.  Travelers admits that Gandalf & Associates disagreed with certain aspects of Plaintiffs' report.  Travelers admits that one of Gandalf & Associates' recommendations was to conduct a general spring cleaning of all horizontal surfaces in the home using the specific procedures and methods set forth in the report. Gandalf & Associates' recommendations were based, in part, on its visual observations, lack of smoke odor, and testing of samples.  Travelers denies the remaining allegations set forth in Paragraph 19.

20.     Travelers admits that on February 8, 2013, it sent a letter rejecting Plaintiff's Proof of Loss based, in part, on inspections and findings to date.

21.     Travelers admits the allegations set forth in Paragraph 21.

22.     Travelers admits that it sent correspondence to Plaintiff on or around April 12, 2013 and that this correspondence speaks for itself.

23.     Travelers denies the allegations stated in Paragraph 23.

24.     Travelers denies the allegations stated in Paragraph 24.

25.     Travelers denies the allegations stated in Paragraph 25.

26.     Travelers admits that Plaintiffs requested appraisal.  Travelers denies the remaining allegations stated in Paragraph 26.

27.     Travelers admits that the Policy contains an appraisal provision allowing parties to invoke appraisal under the terms and conditions set forth in the provision.  Travelers denies the remaining allegations stated in Paragraph 27.

28.     Travelers admits that it sent a letter to Plaintiffs on May 28, 2013 rejecting Plaintiffs' appraisal demand because it was not made in conformance with Policy requirements. Travelers denies the remaining allegations stated in Paragraph 28.

29.     Travelers denies that it allowed Plaintiffs' claim to languish.  Travelers lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations of Paragraph 29.

30.     Travelers admits that it re-inspected the Knoepfles' residence at the Knoepfles' request, and revised its estimate to include $3,095.79 for replacement of damaged deck boards.

31.     Travelers admits that it discovered that Plaintiffs made repairs to and replacements of property in their residence.  Travelers admits that it sent Plaintiffs correspondence containing the above-quoted language, addressing the difficulty of appraising property that had already been repaired or replaced, and stating, "Travelers remains willing to consider any suggestions you might have concerning how the parties can still proceed with appraisal under the circumstances."  Travelers denies the remaining allegations set forth in Paragraph 31.

32.     Travelers denies the allegations in the form alleged. Travelers admits that it discovered that Plaintiffs made repairs to and replacements of property in their residence. Travelers admits that it sent Plaintiffs correspondence containing the above-quoted language, addressing the difficulty of appraising property that had already been repaired or replaced, and stating, "Travelers remains willing to consider any suggestions you might have concerning how

the parties can still proceed with appraisal under the circumstances." Travelers denies the remaining allegations set forth in Paragraph 32 to the extent inconsistent with the foregoing.

33.     Travelers denies the allegations stated in Paragraph 33.

34.     Travelers denies the allegations stated in Paragraph 34.

35.     Travelers denies the allegations stated in Paragraph 35.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

36.     Travelers restates its responses to Paragraphs 1 through 35 as if set forth fully herein.

37.     Travelers admits that the Policy is binding and enforceable, subject to all terms, conditions, and exclusions set forth in the Policy.  Travelers denies the remaining allegations stated in Paragraph 37.

38.     Travelers admits that Plaintiffs paid premiums in a timely fashion.  Travelers denies the remaining allegations stated in Paragraph 38.

39.     Travelers denies the allegations stated in Paragraph 39.

40.     Travelers denies the allegations stated in Paragraph 40.

41.     The allegations of Paragraph 41 are legal conclusions to which no response is required. To the extent the allegations of this paragraph can be construed as factual, they are denied.

42.     Travelers denies the allegations stated in Paragraph 42.

/ / /

## SECOND CLAIM FOR RELIEF

### (Unreasonable Delay and Denial of Payment of Covered Benefits Pursuant to C.R.S §§ 10-3-1115 and 10-3-1116)

44.     Travelers restates its responses to Paragraphs 1 through 42 as if set forth fully herein.

45.     Travelers admits that Plaintiffs suffered a loss covered by the policy and submitted a claim to Travelers.  Travelers denies that Plaintiff suffered a loss in the amount of or to the extent claimed.

46.     Travelers denies the allegations stated in Paragraph 46.

47.     Travelers denies the allegations stated in Paragraph 47.

48.     Travelers denies the allegations stated in Paragraph 48.

## THIRD CLAIM FOR RELIEF

### (Bad Faith Breach of Insurance Contract)

49.     Travelers restates its responses to Paragraphs 1 through 48 as if set forth fully herein.

50.     The allegations of Paragraph 50 constitute conclusions of law, requiring no answer.  To the extent an answer is required, Travelers admits only those duties imposed by law.

51.     The allegations of Paragraph 51 constitute conclusions of law, requiring no answer.  To the extent an answer is required, Travelers admits only those duties imposed by law.

52.     The allegations of Paragraph 52 constitute conclusions of law, requiring no answer.  To the extent an answer is required, Travelers admits only those duties imposed by law.

53. Travelers admits that it issued the Policy intending to provide coverage subject to all terms, conditions, and exclusions set forth in the Policy.  Travelers denies the remaining allegations stated in Paragraph 53.

54. Travelers denies the allegations stated in Paragraph 54.

55. Travelers lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations of Paragraph 55.

56. Travelers denies the allegations stated in Paragraph 56.

57. Travelers admits that Plaintiffs are the named insureds under the Policy.

58. Travelers denies the allegations stated in Paragraph 58.

59. The allegations of Paragraph 59 constitute conclusions of law, requiring no answer.  To the extent an answer is required, Travelers admits only those duties imposed by law.

60. The allegations of Paragraph 60 constitute conclusions of law, requiring no answer.  To the extent an answer is required, Travelers admits only those duties imposed by law.

61. The allegations of Paragraph 61 constitute conclusions of law, requiring no answer.  To the extent an answer is required, Travelers admits only those duties imposed by law.

62. Travelers denies the allegations stated in Paragraph 62.

63. Travelers denies the allegations stated in Paragraph 63.

64. Travelers denies the allegations stated in Paragraph 64.

65. Travelers denies the allegations stated in Paragraph 65.

66. Travelers denies the allegations stated in Paragraph 66.

/ / /

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

**(Exclusion for Wear, Tear, Marring and Detrioration)**

1.     The Policy provides as follows:

**COVERAGE A – DWELLING AND COVERAGE B – OTHER STRUCTURES**

    **1.**     We insure against risk of direct physical loss to property described in Coverages A and B.

    **2.**     We do not insure, however, for loss:

        **c.**     Caused by:

            \*          \*          \*

            **(6)**     Any of the following

                **(a)**     Wear, tear, marring, deterioration;

                \*          \*          \*

2.     Plaintiffs' alleged losses were caused in part by wear and tear, marring, and deterioration.

3.     Plaintiffs' alleged losses are excluded from coverage to the extent caused by wear and tear, marring, and deterioration.

### Second Affirmative Defense

**(Exclusion for Settling, Shrinking, Bulging or Expansion)**

4.     The Policy provides as follows:

**COVERAGE A – DWELLING AND COVERAGE B – OTHER STRUCTURES**

    **1.**     We insure against risk of direct physical loss to property described in Coverages A and B.

**2.**      We do not insure, however, for loss:

    **c.**      Caused by:

            *      *      *

        **(6)**      Any of the following

            *      *      *

           (f)      Settling, shrinking, bulging or expansion, including resulting cracking, of bulkheads, pavements, patios, footings, foundations, walls, floors, roofs or ceilings;

            *      *      *

5.      Plaintiffs' alleged losses were caused in part by settling, shrinking, bulging, expansion, or cracking of bulkheads, pavements, patios, footings, foundations, walls, floors, roofs or ceilings.

6.      Plaintiffs' alleged losses are excluded from coverage to the extent caused by settling, shrinking, bulging, expansion, or cracking of bulkheads, pavements, patios, footings, foundations, walls, floors, roofs or ceilings.

**<u>Third Affirmative Defense</u>**

**(Breach of Duty to Cooperate and Make Property Available for Inspection)**

7.      The Policy provides as follows:

**SECTION I – CONDITIONS**

**2.      Duties After Loss.**  In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us.  These duties must be performed either by you, an "insured" seeking coverage4, or a representative of either.

        *      *      *

    e.      Cooperate with us in the investigation of a claim;

\*       \*       \*

g.      As often as we reasonably require:

(1)      Show the damaged property;

\*       \*       \*

8.      Plaintiffs failed to make all of the property components at issue available for inspection, and failed to cooperate in Travelers' investigation.

9.      Plaintiffs' failure to make all property components at issue available for inspection prejudiced Travelers' ability to investigate Plaintiffs' claim.

10.      Plaintiffs' insurance coverage claims are barred as to all property that was not made available for inspection.

## Fourth Affirmative Defense

### (Spoliation of Evidence)

11.      Plaintiffs had a common law duty to preserve evidence.

12.      Plaintiffs knew, or should have known, that litigation was imminent.

13.      Plaintiffs failed to preserve certain property components that were allegedly damaged.

14.      Travelers was prejudiced by Plaintiffs' failure to preserve evidence.

15.      Plaintiffs' claims for coverage are barred as to any property components that Plaintiffs failed to preserve for litigation.

## Fifth Affirmative Defense

### (Estoppel)

16.      On or around July 9, 2013, Plaintiffs represented to Travelers that they would make their property available for reinspection.

17.     Plaintiffs proposed a reinspection for the purpose of attempting to reach agreement on the scope of damages and the scope of appraisal.

18.     Travelers relied on Plaintiffs' representations to its detriment.

19.     Upon attending the reinspection, Travelers' consultants discovered that much of the allegedly damaged property had been replaced and was not available for inspection.

20.     As a result, Plaintiffs are estopped from pursuing any claims for insurance coverage with respect to property that was replaced, removed, or otherwise not made available for inspection.

## Sixth Affirmative Defense

### (Waiver)

21.     On or around July 9, 2013, Plaintiffs represented to Travelers that they would make their property available for reinspection.

22.     Plaintiffs proposed a reinspection for the purpose of attempting to reach agreement on the scope of damages and the scope of appraisal.

23.     Travelers relied on Plaintiffs' representations to its detriment.

24.     Upon attending the reinspection, Travelers consultants discovered that much of the allegedly damaged property had been replaced and was not available for inspection.

25.     As a result, Plaintiffs have waived claims for insurance coverage with respect to property that was replaced, removed, or otherwise not made available for inspection.

## Seventh Affirmative Defense

### (Laches)

26.     Plaintiffs delayed unreasonably in bringing the present action.

27.     Plaintiffs notified Travelers of their alleged loss on or around June 26, 2012.

28.     Plaintiffs demanded appraisal on or around April 18, 2013.

29.     On or around July 9, 2013, Plaintiffs represented to Travelers that they would make their property available for reinspection for the purpose of attempting to reach agreement on the scope of damages and the scope of appraisal.

30.     Prior to making the property available for inspection, Plaintiffs replaced and removed much of the property that was allegedly damaged.

31.     Plaintiffs filed the present lawsuit on April 8, 2014.

32.     Travelers has been prejudiced by Plaintiffs' unreasonable delay in bringing the present action, because much of the property at issue is now unavailable for inspection.

33.     Plaintiffs' claim is barred in part by the doctrine of Laches.

34.     Travelers expressly reserves the right to assert additional affirmative defenses that may become known through further investigation or discovery.

## JURY DEMAND

Travelers demands a trial by jury on all issues so triable.

/ / /

## **PRAYER FOR RELIEF**

WHEREFORE, Travelers requests that Plaintiffs' claims against it be dismissed, that Travelers be awarded its attorney fees and costs incurred in defending this action pursuant to statute or otherwise, and for such other and further relief as this Court deems just and proper.

Dated this 14th day of May, 2014.          SNELL & WILMER L.L.P.


_s/ Jonathan M. Allen_
Amy M. Samberg
Jonathan M. Allen
1200 17th Street, Suite 1900
Denver, CO 80202
Telephone: (303) 634-2000
Facsimile: (303) 634-2020
**_Attorneys for Defendant The Travelers_**
**_Home and Marine Insurance Co._**

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that, on May 14, 2014, I electronically filed the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Richard M. Kaudy
Cajardo Lindsey
THE KAUDY LAW FIRM LLC
333 W. Hampden Avenue, Suite 850
Englewood, CO 80110
Phone (303) 623-1885
Fax: (303) 623-1825
***Counsel for Plaintiffs***

                                    *s/ Jill Bucceri*_____
                                      Jill Bucceri

19325816.1